**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisca Alvarado LOPEZ, a.k.a.**
**Angelica, a.k.a. Chaparra,**
**Defendant,**

and

**Maria Lopez, Surety–Appellant.**

**No. 14–10425**

United States Court of Appeals,
Ninth Circuit.

Submitted September 27, 2016 *

Filed October 04, 2016

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Susan B. Gray, J. Douglas Wilson, Assistant U.S. Attorney, DOJ–USAO, San Francisco, CA, for Plaintiff–Appellee.

Marc Karlin, Karlin & Karlin, APC, Los Angeles, CA, for Appellant.

Marc Karlin, Karlin & Karlin, APC, Los Angeles, CA, for Defendant.

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Maria Lopez ("Appellant") appeals from the district court's order granting the government's motion for forfeiture of Francisca Alvarado Lopez's $200,000 appearance bond and entering judgment against Appellant as surety for the full amount of the bond. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellant contends that the district court erred by entering a $200,000 judgment against her as surety. The district court did not abuse its discretion in declining to set aside the bond forfeiture. *See United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002). Contrary to Appellant's contention, the record shows that she was provided with an interpreter at her sister's bond hearing and was informed that the government could seek to recover the full $200,000 bond if her sister absconded prior to trial. The district court did not abuse its discretion in concluding that these factors outweighed Appellant's mitigating arguments, including her lack of familiarity with the criminal justice system, her status as a family member rather than a professional bail bondsman, her offer to cooperate in the apprehension of her sister, and her limited financial means. *See id.* at 1115–17 & n.2 (discussing factors the

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.